## CHARLES F. KAFFER v. GEORGE WALTERS.

### No. 636.   (61 Pac. 323.)

1. EVIDENCE—*Action for Accounting — Testimony as to Profits.* Upon the trial of an action for the alleged failure of an employee to account for goods sold and profits arising from the sale of goods, it is incompetent for one to testify to the usual profits arising from the sale of similar goods in another store in another city.

2. ——— *Instructions.* Alleged error in giving and refusing instructions examined, and *held,* that the trial court committed no error.

Error from Atchison district court; J. P. ADAMS, judge *pro tem.* Opinion filed June 6, 1900. Affirmed.

### STATEMENT.

THIS action was brought in the district court by Walters against Kaffer for the recovery of $300, with interest, on a non-negotiable promissory note, and for the recovery of $225, with interest, on an account.

The defendant, Kaffer, in his answer, pleaded a general denial; admitted the execution and delivery

of the note ; denied the account and any indebtedness thereon, but admitted the receipt of the property named in the account and liability therefor in the sum of $30.80. By way of set-off and counter-claim, he further stated that Walters, as manager, for hire, from October, 1889, to January, 1896, operated a store for defendant in .the town of Cummings, in Atchison county ; that at the time he was employed as managed he represented that he possessed the necessary ability and honesty to manage and conduct the store in an honest, businesslike manner, to the profit of the proprietor, and agreed to do so under the direction of the defendant ; that he had the exclusive management of the store, subject to instructions as to the selling price of goods. Defendant further charged that Walters did, from time to time, wrongfully appropriate certain goods, or the proceeds thereof, by reason whereof defendant sustained large losses ; further, that Walters during that time received goods to the value of $14,437.10, remitted to defendant $11,073.15, and accounted for $1135.50 ; and that plaintiff sold goods to the value of $2097.98 for which he failed to account. The defendant further answered, that on May 1, 1894, plaintiff and defendant executed a written contract, setting forth the responsibilities, privileges and duties of the employer and employee as to the management of the store, and that the conditions of this contract obligatory upon Walters were as follows :

"*First*. To render faithful, efficient and honorable service as such manager, and that in case of misconduct or wilful neglect or such disability as may prevent him performing his duty as manager, the party of the first part (Kaffer) may annul this contract.

"*Second*. To serve as such manager for a period of three years from the above date.

"*Third*. To make full and correct reports of the business, when requested by the party of the first part, and to buy no goods except produce unless expressly authorized by the first party.

"*Fourth*. To sell goods only for cash and to make remittances of such receipts once a week.".

And defendant averred that Walters, without, his knowledge or consent, did sell goods on credit to parties who were wholly insolvent, in violation of said contract, to the damage of defendant in the sum of $346.13, and he therefore prayed judgment for the sum of $2097.98, with interest and costs of suit.

The plaintiff, for reply, set up a general denial; denied that he was indebted to the defendant upon account or in any other manner, and averred that if he ever did owe defendant the same had been fully paid, liquidated, and settled; that the goods referred to in defendant's answer as having been sold on credit were sold prior to the execution of the written contract, and that plaintiff had special oral instructions from the defendant to sell certain customers goods on credit and to use his discretion in granting credit to others; that the defendant, for his convenience, modified the conditions of the written contract by oral instructions to the plaintiff from time to time in this respect.

A trial was had before the court and a jury which resulted in a verdict for the plaintiff for $415.12. The defendant's motion for a new trial was overruled. The defendant, as plaintiff in error, presents the record to this court for review and alleges error in the proceedings of the trial court.

*W. L. Bailey*, for plaintiff in error.

*Wollman, Solomon & Cooper*, for defendant in error.

The opinion of the court was delivered by

McELROY, J.: The assignments of error are not numerous, and will be examined in order. The first is that the trial court erred in excluding competent testimony offered by the defendant. Under this assignment of error it is contended, first, that the court erred in sustaining an objection to the following question asked witness Barkow:

"Ques. From the prices at which you buy goods, and from the prices at which you sell them, I will ask you to state what would be a reasonable average profit upon sales of boots and shoes, and such stock as is kept in a boot and shoe store, upon the cost price; I mean to fix the time on which or at which you make this estimate at the period between March 19, 1893, and December 1, 1895; what was a reasonable profit on boots and shoes sold during that period; I mean the gross profit?"

The testimony of this witness shows that he conducts a shoe store in the city of Atchison. Defendant sought to show by this witness what was the reasonable profit on boots and shoes sold during a portion of the time that Walters operated the store for him. It is not shown that this witness knew anything about the store or goods in question, or that he had any other information than such as he gained by operating a boot and shoe store in the city of Atchison. We are inclined to think that the trial court properly refused to permit the party to inquire into the profits of witness's boot and shoe store. The testimony was properly excluded.

It is next contended that the court erred in sustaining objections to the following questions propounded to Kaffer while upon the witness-stand:

"1. I will ask you to state if you did not prepare, or

prior to the commencement of this suit this trial, go through his book account showing sales, and check out item after item of dry-goods and other goods which he had sold according to instructions which you had given him?

"2. Was not, taking from the estimate you have made, from an examination of the books of Mr. Walters and of yourself, the great bulk of the goods sold there sold under your instructions, at an excess of twenty-five per cent. profit of the price of the goods sold?

"3. I will ask you to state what amount of loss was sustained by the business from April 1, 1894, to September 30, from September 25, 1893, to April 1, 1894, the actual loss, the loss without figuring the profit?

"4. Mr. Kaffer, referring to the period of time from September 25, 1893, to April 1, 1894, you may state what was the amount of goods sold during that period. I believe you stated that the amount of goods sold during that period was $2288.80, at a profit of twenty per cent. upon such amount of goods; state what would be the gross profit.

"5. I will ask you to state if, at that time, or about that time, you consulted any attorney as to any means to protect yourself?

"6. You understood that with a non-negotiable note you could set up any defense you had against Mr. Walters as against any other owner of the note?"

The plaintiff in error fails to point out the competency of the testimony sought to be introduced. It is not apparent to the court what useful purpose an answer to the questions under consideration would have subserved. The fourth question called for a conclusion of the witness, a mere matter of computation. The first, second, third, fifth and sixth questions relate to matters which appear to have been immaterial. No possible answer could have materially affected the final result of the litigation. We fail to see that an answer to all or any of these questions could in any

manner enlighten the court or jury upon the issues of the case. If there was any error committed in rejecting this evidence, it was without prejudice.

The second assignment is that the court erred in instructing the jury. Complaint is here made that the trial court erred in instructing the jury as to the burden of proof upon certain issues presented by the answer of the defendant, and as to certain elements of estoppel applicable to defendant's conduct.

The court instructed the jury as to the burden of proof as follows :

"That the burden of proof was on the defendant to show, if such fact was true, that the plaintiff as manager of the store was not authorized to sell goods on credit prior to the 1st day of May, 1894, and that as to sales, if made on credit after that date, the burden of proof was upon the plaintiff to show that the terms of the written contract were modified by the defendant so as to authorize him to sell goods on credit."

As to the question of estoppel, the court instructed the jury that if they found from the evidence that the defendant frequently visited the store, carefully examined into its management, examined the books, and thereby knew that the plaintiff was selling goods on credit, and if the jury further found that the plaintiff made frequent reports to the defendant of all transactions at the store which showed that goods were being sold on credit, and if the plaintiff and defendant at periods of about six months had an accounting, and that defendant had full knowledge of the facts concerning the management of the store as conducted, and with full knowledge of the facts approved the management of the store, and the selling of goods on credit was ratified and approved by the defendant with a full knowledge of all the facts, the defendant would

be estopped from claiming in this action that the plaintiff was not authorized to sell goods on credit.

The plaintiff conducted the store under the written contract for the defendant nearly three years, rendering an accounting by daily, weekly and other reports, as requested by defendant. Settlements were had between the parties at about every six months, in which all accounts and property of the store were examined, checked and apparently approved by the defendant. No intimation was given or expressed by the defendant of dissatisfaction with the conduct of the store. Apparently he approved all that was done in and about the management of the business. The plaintiff was paid a salary of thirty dollars per month for attending to the business. In the written article of agreement under which plaintiff operated the store it was provided, " that in case of misconduct or wilful neglect or such disability as may prevent him (plaintiff) from performing his duty as manager, the party of the first part (Kaffer) may annul this contract." We think the trial court properly instructed the jury in this respect.

The third assignment of error is that the trial court erred in refusing to instruct the jury as requested. Complaint is here made that the trial court refused to give instructions 16 and 17 as requested. These instructions were properly refused, if the instructions heretofore noted were properly given. There was no claim in the pleadings or in the evidence that the plaintiff was insolvent or unable to respond to any judgment rendered against him. A person of lawful age is presumed, in the absence of any showing to the contrary, to be solvent and able to respond to any judgment rendered against him. With this presumption before the trial court, there was no occasion for

the court to instruct the jury as to the plaintiff's ma-
neuvers to prepare himself with set-offs and counter-
claims.

There is nothing presented on the motion for a new
trial except the errors already noted. From what we
have said, it follows that the motion for a new trial
was properly overruled. The judgment is affirmed.